### Cochran *et al.* v. Thurber *et al.*

*(Supreme Court, General Term, First Department.   January 28, 1889.)*

Reference—When Made—Service of Answers.

An action cannot be referred where it appears that there are defendants whose time to answer has not expired, and whose answers have not been served, as there can be no reference until the action is at issue as to all the defendants.

Appeal from special term, New York county.

Action by S. Skiddy Cochran and Annie Lee against Jeannette M. Thurber, Levi P. Morton, and others, impleaded with the American Opera Company, Limited.   There was an order of reference, from which defendants appeal.

Argued before Van Brunt, P. J., and Brady and Macomber, JJ.

*W. H. Andrews*, for appellant Godwin.   *L. O. Van Doren*, for appellant Thurber.   *H. G. Hotchkiss*, for respondents.

Van Brunt, P. J.   In the disposition of this appeal it is not necessary to determine whether, under any circumstances, this action is referable.   It certainly cannot be referred in its present condition.   It appears that there are defendants whose time to answer had not expired, and whose answers had not been served.   It is a familiar rule that an action cannot be referred until it is at issue as to all of the defendants.   · That this must be the case seems to be apparent from the fact that it cannot be determined as to whether difficult

questions of law will arise upon the trial of the case until the issues are presented upon the pleadings; and it seems also apparent that each defendant has the right to have his pleadings considered, as well as those of his co-defendants, in determining this (in many instances) important question. Although it may be important to expedite the hearing of this case, yet such haste should not be indulged in as would violate the plain rules governing the disposition of motions of this description. An issue cannot be referred until it is presented, and such a reference seems to be attempted by the order in question. The order should be reversed, with $10 costs and disbursements. All concur.